UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED DOUGLAS BLUE,<br><br>                Plaintiff,<br><br>    v.<br><br>UNKNOWN, et al.,<br><br>                Defendant. | Case No. 2:17-cv-08914-DSF (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO KEEP COURT INFORMED OF CURRENT ADDRESS AND FAILURE TO PROSECUTE** |

## I. BACKGROUND AND SUMMARY OF ORDER

On April 23, 2018 Plaintiff Fred Douglas Blue ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("FAC") against California Highway Patrol Deputy Herrarte, Judge Small, unknown "lead district attorney prosecutor," and public defenders Marta Eggers and "Ms. Barnes" ("Defendants"), alleging violations of the Fourth, Fifth, Sixth, Eighth, Tenth, Twelfth, and Fourteenth Amendments of the U.S. Constitution. Electronic Case Filing Number ("ECF No.") 9, FAC. The allegations were made against Defendants in their individual and official capacities. ECF No. 9, FAC at 3-5. On June 20, 2018, the Court dismissed the FAC in part, with leave to amend, because all Defendants, with the exception of Deputy Herrarte, were immune from suit, and because the official

capacity claim against Deputy Herrarte was barred under the 11th Amendment of the U.S. Constitution. ECF No. 10, Order Dismissing First Amended Complaint With Leave To Amend ("ODLA") at 3-8. However, the Court found that Plaintiff sufficiently alleged a Fourth Amendment violation against Deputy Herrarte in his individual capacity. Id. at 8-9.

On July 9, 2018, Plaintiff's mailed copy of the ODLA was returned to the Court as undeliverable with no forwarding address provided. ECF No. 11, Returned ODLA. On July 17, 2018, the Court issued a Notice rejecting a letter the Court received from Plaintiff in violation of Local Rule 83-2.5 and Local Rule 11-3. ECF No. 12, Notice of Discrepancy and Order. On July 30, 2018, Plaintiff's mailed copy of the Notice was also returned as undeliverable. ECF No. 13, ReturneNotice Returned. Plaintiff did not subsequently file an amended complaint, request an extension of time to file an amended complaint, or elect to proceed against only Deputy Herrarte in his individual capacity.

In light of Plaintiff's failure to provide the Court with his current address and his failure to prosecute this matter diligently, the Court **DISMISSES** Plaintiff's action, without prejudice, for violating Local Rule 41-6 for failure to properly inform the Court of Plaintiff's updated address and for failure to prosecute.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Failure To Keep The Court Apprised Of His Current Address.

#### 1. Applicable Law

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012). The Ninth Circuit has also established that the "[l]ocal rules are 'laws of the United States[,]'" and are valid unless they are inconsistent with any of the federal

rules. Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (citation omitted). Local Rule 83-2.2.3, in relevant part, states that "[a]ny person appearing pro se is required to comply with these Local Rules, and with the [Federal Rules of Civil Procedure]." Further, Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

### 2. Analysis

Here, Plaintiff has failed to keep the Court apprised of his current address in violation of Local Rule 41-6. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming district court's dismissal of pro se prisoner civil rights complaint because the prisoner failed to comply with Local Rule 41-6 and failed to comply with court orders for discovery). Accordingly, the Court dismisses this action, without prejudice.

## B. Plaintiff's Action Is Dismissed For Failure To Prosecute.

### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v.

3

Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

### 2. Analysis

Here, four of the five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to update his address prevents the Court from communicating with Plaintiff and issuing orders that affect his ability to properly pursue this case. For example, the Court presented Plaintiff with the option to proceed against Deputy Herrarte in his individual capacity. However, because Plaintiff did not inform the Court about his change of address, he did not receive the ODLA and consequently could not exercise the option to serve Deputy Herrarte alone. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendants—does not weigh in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). However, here, Deputy Herrarte has not yet been served because the Court dismissed the FAC at the screening stage (i.e., before service on Defendants) and because the Court is unable to communicate with Plaintiff regarding its deficiencies. Consequently, Defendant

4

has not been prejudiced. Nevertheless, the other factors combine to weigh in favor of dismissal. Id. at 1452-53 ('[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" (citation omitted)).

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility of notifying the Court of his current address in violation of Local Rule 41-6. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his participation or compliance to the Court's orders. Plaintiff's refusal to comply with this Court's Orders and the Local Rules forces a conclusion that Plaintiff has abandoned this action. Nonetheless, because Plaintiff has stated a viable cause of action in his FAC, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to pursue his legal claim. Consequently, no less drastic sanctions are available here.

Accordingly, because the consideration of the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for the additional reason that Plaintiff has failed to prosecute this action.

/ / /

/ / /

/ / /

/ / /

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: 9/7/18

_____
HONORABLE DALE S. FISCHER
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge